**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Amaya,<br><br>                      Plaintiff,<br><br>v.<br><br>Future Motion Incorporated, et al.,<br><br>                      Defendants. | No. CV-21-08243-PCT-MTL<br><br>**ORDER** |

**I.**

The matter comes before the Court on Defendant Future Motion Incorporated's ("Future Motion") Motion for Summary Judgment (Doc. 23). Plaintiff Juan Amaya filed a response (Doc. 27), and Future Motion filed a reply (Doc. 29). The instant action originated in Coconino County Superior Court where Plaintiff filed his Complaint on September 28, 2021. (Doc. 1-3 at 11.) Future Motion subsequently filed a Notice of Removal with this Court. (Doc. 1.) Plaintiff's Complaint against Future Motion asserts claims for Respondeat Superior, Negligence, Strict Liability, Breach of Implied Warranty of Merchantability, Negligent Hiring, Training, Retention and Supervision, and Punitive Damages. (Doc. 1-3 at 5-10.) For the following reasons the Court grants Defendant's Motion for Summary Judgment in its entirety.[1]

---

[1] The parties have submitted legal memoranda, and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

**II.**

Future Motion designs, manufactures, and sells a one-wheeled motorized skateboard known as the "Onewheel." (Doc. 9 at 2; Doc. 23 at 2-3.) Plaintiff's claims stem from a May 6, 2020 accident involving his use of the Onewheel. (Doc. 27 at 3.) Plaintiff alleges that, as he was riding his Onewheel uphill, "the speed began to drastically fluctuate suddenly and without warning, and without his input to change the speed." (*Id.*) Plaintiff alleges that "[t]hese erratic and sudden speed fluctuations caused him to be thrown from the [Onewheel] and become injured." (*Id.*) He contends that he "was thrown because the [Onewheel] was not properly calibrated upon delivery." (*Id.*) First Motion maintains that Plaintiff has failed to provide sufficient evidence in support of his claims. (Doc. 29 at 2-5.) Plaintiff responds that his sworn declaration is sufficient evidence to allow a jury to determine that First Motion is strictly liable for his injuries. (Doc. 27 at 6.) Plaintiff further argues that whether "an unresponsive, mis-calibrated, motorized skateboard constitutes an unreasonably dangerous defect" is genuine issue of material fact within the sole province of the jury. (*Id.* at 7.) For the reasons stated below, the Court finds that Plaintiff has failed to meet his burden at the summary judgment stage.

**III.**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At the summary judgment stage, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* at 255; *see also Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994) ("The court must not weigh the evidence or determine the truth of the matters asserted but only determine whether there is a genuine issue for trial."). To prove its burden, however, "the

moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) [and] may simply point out the absence of evidence to support the nonmoving party's case." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). A party opposing summary judgment must "cit[e] to particular parts of materials in the record" establishing a genuine dispute or show "that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). The Court has no independent duty "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

### IV.

### A.

Plaintiff's response indicates that he seeks to bring a strict liability claim for manufacturing defect, and his briefing relates only to that claim. (Doc. 27 at 6.) Arizona law provides that "the theory of liability under implied warranty has been merged into the doctrine of strict liability." *D'Agnese v. Novartis Pharms. Corp.*, 952 F. Supp. 2d 880, 890 (D. Ariz. 2013) (citation omitted).[2] Therefore, Plaintiff's breach of implied warranty of merchantability claim merges with his strict liability claims, and the Court's reasoning with respect to the strict liability claim—as articulated below—applies equally to the implied warranty of merchantability claim. *See Canning v. Medtronic Inc.*, No. CV-19-04565-PHX-SPL, 2022 WL 1123061, at *4 (D. Ariz. Apr. 14, 2022) (stating the same). Similarly, as to Plaintiff's negligence theory, the Court will first address Plaintiff's strict liability for manufacturing defect because "if Plaintiff cannot prove his case in strict liability, he cannot prove it in negligence either." *Canning*, 2022 WL 1123061, at *5 (citing *Gomulka v. Yavapai Mach. & Auto Parts, Inc.*, 155 Ariz. 239, 241-42 (Ct. App. 1987)).

To establish a case of strict product liability under Arizona law, Plaintiff must prove that: (i) the product is defective and unreasonably dangerous; (ii) the defective condition existed at the time the product left the defendant's control; and (iii) the defective condition

---

[2] The Court applies substantive state law to a products liability claims brought pursuant to diversity jurisdiction. *See Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1193 (9th Cir. 2007).

is the proximate cause of the plaintiff's injuries. *See Canning*, 2022 WL 1123061, at *5 (citing *St. Clair v. Nellcor Puritan Bennett LLC*, No. CV-10-1275-PHX-LOA, 2011 WL 5331674, at *4 (D. Ariz. Nov. 7, 2011)). The elements of a negligence theory differ only in that Plaintiff must also show that First Motion breached its duty of care. *See Cox v. Yamaha Motor Corp.*, No. CV-06-519-TUC-DCB, 2008 WL 2328356, at *6 (D. Ariz. June 4, 2008). The Court finds that Plaintiff has failed to provide sufficient evidence that his Onewheel was defective.

Plaintiff's conclusory declaration is insufficient to survive summary judgment.[3] Plaintiff's declaration merely restates his previous allegations that because the Onewheel "was not properly calibrated upon delivery[,]" an "erratic and sudden speed fluctuation" caused him to be thrown and injured. (Doc. 28 at 6.) Plaintiff has never explained what he means by the word "calibration" or how the Onewheel was "not properly calibrated upon delivery." Further, Plaintiff is not an expert and fails to provide any facts demonstrating his knowledge of, or use of reliable principles and methods of testing, the calibration of motorized skateboards. *See Cox*, 2008 WL 2328356, at *6 (finding a similarly situated plaintiff unqualified to present expert opinion for failure to provide facts showing specialized knowledge in a product's components). Although Plaintiff is not required to produce expert testimony to survive summary judgment on his strict product liability claim, he must show "specific facts showing that there is a genuine issue for trial." *Cox*, 2008 WL 2328356, at *7 (internal marks and citation omitted). The declaration's conclusory allegations are insufficient. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (reasoning that the object of Rule 56(e) is "not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit"). Rather than point to specific facts showing that there are genuine, product liability claims for trial, Plaintiff's declaration offers only the conclusory statement that he "was thrown because the

---

[3] Plaintiff filed his declaration as part of a separate statement of facts "[p]ursuant to Ariz. R. Civ. P. Rule 56(c)." (Doc. 28 at 1.) Not only is this Court is not bound by Arizona's Rules of Civil Procedure, but Plaintiff also filed his separate statement of facts in clear violation of the Court's Scheduling Order prohibiting parties from filing separate statements of fact to their dispositive motions. (*See* Doc. 16 at 5.) In any event, the filings submitted do not alter the Court's analysis.

[Onewheel] was not properly calibrated upon delivery." This bare and speculative allegation does not demonstrate a genuine issue of material fact for trial. *See Cox*, 2008 WL 2328356, at *7.

Plaintiff maintains that there is evidence that the Onewheel was defectively calibrated at the time it left First Motion's control. (Doc. 27 at 8.) Specifically, Plaintiff argues that his use of "the product the day after it arrived" provides a reasonable inference that the product was sold in a defective condition. (*Id.*) Arizona courts permit plaintiffs "to rely on circumstantial evidence to establish that a defect existed at the time the product left the defendant's control caused the injuries." *Phila. Indem. Ins. Co. v. BMW of N. Am. LLC*, No. CV-13-01228-PHX-JZB, 2015 WL 5693525, at *15 (D. Ariz. Sept. 29, 2015) (citing *Reader v. Gen. Motors Corp.*, 483 P.2d 1388, 1393-94 (Ariz. 1971)). But "Arizona courts limit reliance on such evidence to situations where the product is unavailable or otherwise incapable of inspection." *Phila. Indem. Ins. Co.*, 2015 WL 5693525, at *15 (citation omitted). Plaintiff admits that his Onewheel is available for inspection. (Doc. 27 at 9.) Plaintiff, however, maintains that an "[i]nspection of the [Onewheel] could not reveal the timeline of miscalibration." (*Id.* at 8.) But Plaintiff provides no reasoning behind this assertion and the Court is unconvinced that an inspection and examination of the Onewheel would be a fruitless endeavor. Thus, Plaintiff may not rely on circumstantial evidence dealing with the timing of his receipt of the Onewheel. Considering the foregoing, Plaintiff's claims of strict liability for manufacturing defect, negligence, and breach of implied warranty of merchantability fail as a matter of law.

**B.**

As noted above, Plaintiff's arguments in his responsive briefing related solely to his strict liability for manufacturing defect claim. But Plaintiff's Complaint alleged six causes of action. (Doc. 1-3 at 5-10.) Plaintiff's remaining claims are for punitive damages, respondeat superior, and negligent hiring, training, retention and supervision. As First Motion notes, Plaintiff has offered no evidence in support of these claims. As to the respondeat superior and negligent hiring, training, retention and supervision claims,

1 Plaintiff has not provided evidence of any employees' conduct relevant to this case. Plaintiff's pleadings do not name any employee and go no further than the bare recitations of each claim's elements. Plaintiff appears to have abandoned these claims entirely. Moreover, because the Court has found that First Motion is not liable for strict liability manufacturing defect, negligence, or breach of implied warranty, there is no underlying wrongful conduct that could serve the basis for the respondeat superior and negligent hiring, training, retention and supervision claims. Thus, Plaintiff has failed to meet its burden and summary judgment in favor of First Motion is warranted on these claims. *See Fairbank*, 212 F.3d at 532 (reasoning that a "moving defendant may shift the burden of producing evidence to the nonmoving plaintiff merely by 'showing'—that is, pointing out through argument—the absence of evidence to support plaintiff's claim").

Lastly, Arizona law does not provide a separate cause of action for punitive damages. *See Brill v. Lawrence Transportation Co.*, No. CV-17-01766-PHX-JJT, 2018 WL 6696815, *2 (D. Ariz. Dec. 20, 2018) ("[T]he right to an award of punitive damages must be grounded upon a cause of action for actual damages.") (citation omitted). "The primary question where punitive damages are concerned is motive." *Id.* Again, Plaintiff has failed to produce any evidence regarding an improper motive, and there is no actual damages cause of action remaining. Therefore, Plaintiff's punitive damages arguments fail as a matter of law.

## C.

Plaintiff has failed to point the Court to any particular materials in the record establishing a genuine dispute of material fact. Instead of coming forward with specific facts showing that there are genuine, manufacturing-defect claims for trial, Plaintiff rests on his conclusory declaration restating the allegations set forth in his Complaint and Initial Disclosures. Furthermore, Plaintiff's responsive briefing abandons the remainder of his claims and offers no evidence in support thereof. As a result, the Court will enter summary judgment in favor of First Motion on all of Plaintiff's claims.

V.

Accordingly,

**IT IS ORDERED granting** Defendant Future Motion Incorporated's Motion for Summary Judgment (Doc. 23).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Defendant on all claims and close this case.

Dated this 28th day of December, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 7 -